## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL HARPER JR., <br> 2620 Kirkwood PL <br> Apt 304 <br> Hyattsville, MD 20782, <br><br> PLAINTIFF <br><br> v. <br><br> EQUIFAX CREDIT INFORMATION SERVICES, INC, <br> Serve: Kent E. Mast <br> 1550 Peachtree St, NW <br> Atlanta, Georgia 30339 <br><br> DEFENDANT. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:16-cv-00213 <br> ) <br> ) **COMPLAINT FOR DAMAGES,** <br> ) **PUNITIVE DAMAGES, ATTORNEY'S** <br> ) **FEES AND EXPENSES, COSTS,** <br> ) **INJUNCTIVE AND RELATED RELIEF** <br> ) <br> ) **JURY TRIAL DEMANDED** |

## **COMPLAINT**

### INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Michael Harper Jr., an individual consumer, against Defendant Equifax Credit Information Services, Inc., for violations of the Fair Credit Reporting Act.

### THE PARTIES

2. Michael Harper Jr., (hereinafter Mr. Harper) is a resident of the State of Maryland, and regularly travels to and conducts business in the District of Columbia.

3. Equifax Credit Information Services, Inc., (hereinafter "Equifax"), is a corporation incorporated in the State of Georgia and which does substantial business in all 50 states and the District of Columbia.

**JURISDICTION AND VENUE**

4. This action arises under the Fair Credit Reporting Act (FCRA).

5. This Court has jurisdiction over the FCRA claim pursuant to 28 U.S.C. § 1331, in that this dispute involves issues of federal law. Jurisdiction is also proper pursuant to 15 U.S.C. § 1681p of the Fair Credit Reporting Act.

6. Venue is proper in this district as to the FCRA claim pursuant to 28 U.S.C. § 1391b (3) because the Defendant is subject to personal jurisdiction with respect to this action.

7. The violations of the FCRA has harmed Mr. Harper in his business transactions in the District of Columbia.

**STATEMENT OF FACTS**

8. Mr. Harper had a child support enforcement judgment issued against him on November 1, 1999.

9. On March 28, 2014, Mr. Harper contacted Equifax to dispute the inclusion of the child support enforcement judgment on his reported credit history because, according to the FCRA, it should no longer have been reported.

10. On April 13, 2014, Mr. Harper again contacted Equifax to dispute the continued inclusion of the child support enforcement judgment that antedated more than 10 years on his credit history.

11. On September 29, 2014, Mr. Harper again contacted Equifax to dispute the continued

inclusion of the child support enforcement judgment on his credit history.

12. On October 17, 2014, Mr. Harper contacted Equifax twice to dispute the continued inclusion of the child support enforcement judgment on his credit history.

13. On October 17, 2014, Mr. Harper filed a complaint with the Consumer Financial Protection Bureau (CFPB) stating that Equifax would not remove his child support enforcement antedated more than 10 years.

14. On October 22, 2014, Equifax responded to the CFPB complaint, but still failed to remove the judgement.

15. On October 31, 2014, Mr. Harper contacted Equifax to dispute the continued inclusion of the child support enforcement judgment on his credit history.

16. On December 20, 2014, Mr. Harper contacted Equifax to dispute the continued inclusion of the child support enforcement judgment on his credit history that antedated more than 12 years.

17. Citi Bank denied Mr. Harper's credit card application due to Equifax's refusal to correct his credit report.

18. Discover Bank denied Mr. Harper's credit card application due to Equifax's refusal to correct his credit report.

19. Capital One Bank denied Mr. Harper's credit card application due to Equifax's refusal to correct his credit report.

20. Mr. Harper has been denied housing opportunities due to Equifax's refusal to correct his credit report.

21. Liberty Place Apartments at Langley Park denied Mr. Harper's apartment applications due to Equifax's refusal to correct his credit report.

22. Campus Gardens at Langley Park denied Mr. Harper's apartment applications due to Equifax's refusal to correct his credit report.

23. Mr. Harper has been forced to live with his mother because of the lack of housing opportunities due to Equifax's refusal to correct his credit report.

24. Mr. Harper's credit report rating has been damaged due to the negative credit rating produced by the inclusion of this judgment on his credit history.

25. Bank of America refused to extend credit to Mr. Harper's business due to Equifax's refusal to correct his credit report.

26. The statute of limitations for the enforcement of judgments in Maryland is 12 years.

27. In *Miller v. Equifax Information Services*, LLC, No. 3:11-CV-01231-BR (D. Oregon, 2014), Equifax was found to have willfully and negligently non-complied with the Fair Credit Reporting Act for failing to fix an erroneous entry on a credit report.

## COUNT I:
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 *et seq.*

28. The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter FCRA) was enacted to ensure that consumer reporting agencies exercise their responsibilities with fairness, impartiality and respect for the consumer's right to privacy. 15 U.S.C. § 1681a (4).

29. Mr. Harper is a "consumer" as defined by 15 U.S.C. § 1681a (a) (c).

30. Defendant issued, assembled, transferred and published "consumer reports" regarding

Mr. Harper as defined by 15 U.S.C. § 1681a (p).

31. Mr. Harper's credit history was included on a "consumer report" as defined by 15 U.S.C. § 1681 (a) (d) (1).

32. Each of the following acts were separate, independent, and discreet violations of the FCRA:

   (a) Defendant has continually maintained and disseminated a civil judgment against Mr. Harper that antedates more than 12 years. 15 U.S.C. § 1681c (a) (2) states that a credit report can only include judgments that antedate 7 years or the state statute of limitations in which the plaintiff resides; whichever is longer. Md. Code Ann., Cts. & Jud. Proc. § 5-102 (3) states the statute of limitations for judgments in Maryland is 12 years.

   (b) In the alternative, defendant has continually maintained and disseminated information on overdue child support obligations against Mr. Harper that antedates more than 12 years. 15 U.S.C. § 1681s-1 (2).

   (c) Defendant has continually maintained and disseminated erroneous and misleading personal and credit data about Mr. Harper without employing procedures to insure the maximum possible accuracy of the information posted to Mr. Harper's consumer report(s) and disseminated. 15 U.S.C. § 1681e (b).

   (d) Defendant failed to employ reasonable procedures to timely and properly investigate the accuracy of the erroneous data, upon being notified by Mr. Harper that such information was erroneous. 15 U.S.C. § 1681i.

   (e) Mr. Harper followed Equifax's published processes to request that Equifax remove

items from his credit report that were prohibited by federal law. The inability of Equifax to remedy their violation of law demonstrates that defendant created, maintains, and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing defendant's actions. 15 U.S.C. § 1681.

(f) Defendant has willfully non-complied with provisions of the Fair Credit Reporting Act 15 U.S.C. § 1681n. This willful noncompliance is demonstrated by both the repeated judgments against them for violating the FCRA and Mr. Harper's repeated attempts to correct his credit report to no avail.

(g) In the alternative, Defendant has recklessly and willfully failed to comply {non-complied} with provisions of the Fair Credit Reporting Act 15 U.S.C. § 1681n. By publishing a false credit report and distributing it to third parties, defendant engaged in an unjustifiably high risk to Mr. Harper's credit reputation. *See Safeco Insurance Co. of America v. Burr*, 2007 WL 1582951 (U.S. 2007) (holding that "willful" conduct includes "reckless" conduct for the purposes of the Fair Credit Reporting Act).

(h) In the alternative, defendant has negligently non-complied with provisions of the Fair Credit Reporting Act. 15 U.S.C. § 1681o.

    A. Mr. Harper's credit report is inaccurate because it contains a judgment that antedates 12 years.

    B. Defendant failed to follow procedures that would have flagged and removed the inaccurate inclusion of this judgment.

C. Mr. Harper's credit reputation has been ruined. He has been denied 3 credit card applications, a loan for his car sales business and applications for housing.

D. Defendant's inaccurate credit report publishing to third parties caused Mr. Harper's credit reputation to be ruined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendant for the following:

1. Actual damages including and not limited to, (i) the denial of three credit cards due to Equifax's refusal to correct his credit report, (ii) the denial of housing opportunities which has forced Mr. Harper to live with mother because of Equifax's refusal to correct his credit report. (iii) the denial of business loans to help grow Mr. Harper's car sales business because of Equifax's refusal to correct his credit report as discussed in this Complaint.

2. Punitive damages for publicly posting a judgment which Defendant had no right to report since the judgment antedated more than 12 years throughout all periods of time relevant to this Complaint and Defendant failed to stop the negative credit reporting upon the repeated inquiries of Mr. Harper as discussed in this Complaint.

3. Statutory damages available pursuant to the legal claims raised in this Complaint.

**JURY TRIAL DEMANDED**

**Respectfully Submitted,**

_____/s/
Daniel Hornal
D.C. Bar No. 1005381
Talos Law
705 4th St., NW #403
Washington, DC 20001
Attorney for Plaintiff

_____/s/
Lee R. Glass
D.C. Bar No. 975416
Ct. of Appeals of Maryland 1407230002
Law Office of Lee R. Glass
7304 Carrol Ave. PMB #147
Takoma Park, MD 20912
Attorney for Plaintiff